# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

PETER J. ATAKPU,

    Petitioner,

:

Case No. 3:06-cv-074

   -vs-

:

District Judge Thoms M. Rose
Chief Magistrate Judge Michael R. Merz

WARDEN, Lebanon Correctional
  Institution,

    Respondent.

:

## REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court for initial review under Rule 4 of the Rules Governing §2254 Cases.

Petitioner is serving a sentence of 34 years to life in Respondent's custody upon his conviction in the Montgomery County Common Pleas Court on charges of escape, felonious assault, murder, and having a weapon under disability; several of the charges included firearms specifications (Petition, Doc. No. 1, ¶5.)

According to Petitioner, he was sentenced on April 6, 2000, in that court's case number 99-CR-2375. The Petition indicates both that Petitioner pled guilty and that he had a trial by jury. *Id*. at ¶6(a)(2), 6(b). The docket of the Common Pleas Court (available at www.clerk.co.montgomery.oh.us/pro/docket) shows that Petitioner pled guilty and was sentenced in April, 2000, with the sentencing entry having been filed on April 11, 2000. No direct appeal was taken from that judgment until March 8, 2002. *Id*. That was far beyond the thirty-day period

allowed under Ohio law for direct appeal in a criminal case. Petitioner therefore sought permission from the Ohio Court of Appeals to file a delayed appeal, which that court denied on March 26, 2002, later denying Petitioner's motion for reconsideration; no appeal was taken to the Ohio Supreme Court.

28 U.S.C. §2244 (d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

A district court may dismiss a habeas petition *sua sponte* on limitations ground when conducting an initial review under Rule 4 of the Rules Governing §2254 Cases. *Scott v. Collins*, 286 F. 3d 923 (6th Cir. 2002).

Petitioner's conviction became final on May 11, 2000, the last day on which he had a right

to appeal to the Second District Court of Appeals. Therefore the time within which he could have filed a petition for habeas corpus relief in this Court expired one year later on May 11, 2001. Since the present Petition was not filed until March 17, 2006, it is almost five years too late.

It is accordingly respectfully recommended that the Petition herein be dismissed with prejudice as barred by the statute of limitations.

March 17, 2006.

                                                    s/ Michael R. Merz
                                              Chief United States Magistrate Judge


## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).

H:\DOCS\Atakpu v. Warden 01.wpd