# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

PETER J. ATAKPU,

                                :

           Petitioner,                            Case No. 3:06-cv-074

                                :         District Judge Thoms M. Rose

       -vs-                                   Chief Magistrate Judge Michael R. Merz

WARDEN, Lebanon Correctional
   Institution,

                                :

           Respondent.

---

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's Objections (Doc. No. 4) to the Magistrate Judge's Report and Recommendations recommending dismissal of the Petition as barred by the statute of limitations (Doc. No. 3). The General Order of Reference for the Dayton location of court permits the Magistrate Judge to reconsider decisions or reports and recommendations when objections are filed.

In the original Report and Recommendations, the Magistrate Judge concluded that Petitioner's conviction became final on May 11, 2000, the last day on which he had a right to appeal to the Second District Court of Appeals and that therefore the time within which he could have filed a petition for habeas corpus relief in this Court expired one year later on May 11, 2001. With certain exceptions, 28 U.S.C. §2244 requires that a habeas corpus petition be filed not later than one year after the conviction becomes final.

In his Objections, Petitioner concedes that he did not timely appeal his conviction. (The

Court had noted that he filed an application for delayed appeal which was denied.)  He does not point to any of the exceptions in §2244 to suggest that he comes within any one of them.  Instead, he makes several arguments about excusing any procedural default which he may have committed in the state court system.

Petitioner has apparently confused the habeas doctrines of procedural default and statute of limitations.  The procedural default doctrine has been summarized by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 749, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991).  That is, if a habeas petitioner can show cause and prejudice for the state court default, the federal court can proceed to hear his habeas petition.  Procedural default doctrine developed over a number of years, beginning with *Wainwright v. Sykes*, 433 U.S. 72, 97 S. Ct. 2497, 53 L. Ed. 2d 594 (1977).

In contrast, the statute of limitations only dates from adoption of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA") in April, 1996.  It is separate from the procedural default doctrine and essentially speaks to a default – lack of timely filing – in presenting a habeas petition to the federal courts.

None of the case law cited by Petitioner speaks in any way to excusing an almost five-year delay in filing in federal court.  Therefore, it is again respectfully recommended that the Petition be dismissed with prejudice as barred by the statute of limitations.  Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied any requested

-2-

certificate of appealability and leave to appeal *in forma pauperis*.

March 31, 2006.

> s/ Michael R. Merz
> Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).